UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELIJAH IBN ABDULLAH, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 2:16-cv-00115-WTL-DKL ) |
| BRUCE LEMMON, WILLIAM K. WILLIAMS, MICHAEL OSBURN, JACK HENDRIX, RANDALL SHORT, TRACI SORRELL, MICHAEL LLOYD, BRIAN SMITH, MIKE RAINS, ELESHA HIDALGO by the Indiana Department of Correction, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis*, Dismissing Complaint,
And Directing Plaintiff to Show Cause**

**I.  *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** It is not feasible to assess an initial partial filing fee at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening of Complaint

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The plaintiff is an inmate at the Putnamville Correctional Facility. His claims are brought pursuant to 42 U.S.C. § 1983, under which a plaintiff must allege that a state actor violated his constitutional rights. The plaintiff alleges that the following defendants violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights: 1) Bruce Lemmon; 2) William K. Williams; 3) Michael Osburn; 4) Jack Hendrix; 5) Randall Short; 6) Traci Sorrell; 7) Michael Lloyd; 8) Brian Smith; 9) Mike Rains; and 10) Elesha Hidalgo. He seeks compensatory and punitive damages and to be released from custody.

The plaintiff alleges that the defendants have violated his constitutional rights by failing to comply with orders issued by state courts which gave him 189 additional good time earned credit days as jail time credit. He alleges that the defendants are unlawfully lengthening the duration of his confinement and that he should have been released in September 2015.

The plaintiff's allegations relate to the computation of his sentence, not to the constitutionality of his conviction and sentence. "A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies." *Beaven v. Roth,* 74 Fed.Appx. 635, 638, 2003 WL 22018891, No. 03-1397 (7th Cir. Aug. 20, 2003); s*ee Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (to challenge fact or duration of confinement, an inmate's exclusive remedy in federal court is

through an action for a writ of habeas corpus, *after* he has exhausted all state court remedies). The plaintiff cannot join a habeas claim with claims seeking other relief and the Court cannot convert a civil rights action to an action for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton,* 96 F.3d 1038 (7th Cir. 1996). The Court lacks subject matter jurisdiction over the plaintiff's claims seeking release. The Court takes judicial notice of the fact that the plaintiff did file a habeas petition on November 12, 2015, in No. 1:15-cv-1781-WTl-DML, but that action was dismissed without prejudice on January 5, 2016, for failure to exhaust all state post-conviction remedies. Accordingly, the plaintiff's claims for release are **dismissed for lack of jurisdiction.**

To the extent the plaintiff seeks damages for his allegedly unconstitutional imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486-87. The plaintiff has not alleged that a state or federal court has ruled that he has been deprived presentence credit. *Heck* instructs that this civil lawsuit for damages cannot be maintained if the suit would, if successful, imply that the alleged deprivation of credit time is unlawful. Therefore, if the Court were to ultimately award damages in this case for unlawful incarceration, the doctrine of *Heck* would be violated. Because the plaintiff's claim for damages is premature and barred by *Heck,* it is **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the

complaint must be **dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted**.

## III. Further Proceedings

The plaintiff shall have **through May 19, 2016,** in which to **show cause** why this action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

Date: 4/15/16

William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ELIJAH IBN ABDULLAH
985094
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135